UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LADY DI'S, INC., on behalf of itself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:09-cv-0340-SEB-DML ) |
| ENHANCED SERVICES BILLING, INC., ILD TELECOMMUNICATIONS, INC. d/b/a ILD TELESERVICES, INC. | ) ) ) ) ) |
| Defendants. | ) |

## Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery (Dkt. 102) and Setting Hearing

### Introduction

Lady Di's, Inc. alleges the defendants, Enhanced Services Billing, Inc. ("ESBI") and ILD Telecommunications, Inc. ("ILD"), placed unauthorized charges totaling almost $100 from a third-party vendor on its telephone bills, in violation of Indiana law. Lady Di's seeks to represent a class of all other telephone customers whom ILD or ESBI illegally billed. After ESBI and ILD opposed Lady Di's motion for class certification, Lady Di's served discovery that seeks documents, including electronically stored information ("ESI"), relating to the vendors[1] and local telephone companies[2] (known as LECs) for whom ESBI and ILD provided billing services.

---

[1] Lady Di's excludes third-party service providers Advanced Business Services, LLC and My Local Reach, Inc. from its requests.

[2] Lady Di's excludes the LEC AT&T from its requests.

ESBI and ILD object to the discovery on the class allegations as irrelevant and an undue burden. Lady Di's filed a motion to compel responses and production of a representative to explain defendants' ESI. Having considered the parties' oral arguments and having reviewed their submissions,[3] the court determines that Lady Di's is entitled to discover evidence relevant to its class allegations, but its discovery requests are vastly overbroad for that purpose. Lady Di's motion to compel is therefore GRANTED IN PART and DENIED IN PART. A hearing is set for March 15, 2010, at 2:30 p.m., to determine the extent to which the defendants will be required to respond.

## Discussion

Certification under Fed.R.Civ.P. 23 requires that the putative class satisfy the four requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – and one of the subsections of Rule 23(b). *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Here, Lady Di's seeks certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Lady Di's bears the burden of demonstrating that a class should be certified, *id.* at 513, and discovery should be sufficiently broad that Lady Di's has a fair and realistic opportunity to obtain evidence to satisfy Rule 23, yet not so broad that the discovery presents an undue burden to the defendants. *See Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo. 1998).

---

[3] The defendants' argument that Lady Di's motion should fail because it did not include a Rule 37 certification is without merit here. (*See* Dkt. 99) The magistrate judge ordered motion and briefing after her discovery conference with the parties.

2

The defendants argue that classwide discovery is not appropriate before the class has been certified. But they also assert in opposition to class certification, among other things, (1) that Lady Di's complaint does not raise "substantial questions of law or fact common to all members of the class"; (2) that Lady Di's claims are not typical of those of the class and are subject to individual defenses; and (3) that "prevalent and pervasive individual factual questions" defeat predominance. *See* Dkt. 88 at p. 4. Depriving Lady Di's of discovery to test these assertions would be unfair. As another court has observed, "Obviously, some discovery is necessary prior to a determination of class certification." *Tracy*, 185 F.R.D. at 304. And discovery addressed to Rule 23 issues will invariably include some merits discovery:

> Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense, it is appropriate to conduct controlled discovery into the "merits," limited to those aspects relevant to making the certification decision on an informed basis.

Fed.R.Civ.P. 23 advisory committee's notes to 2003 amendments. Further, even if certification is denied, discovery on the class certification prerequisites would not be futile because "[c]lass discovery is frequently not distinguishable from merits discovery, and classwide discovery is often necessary as circumstantial evidence even when the class is denied." 3 Newburg on Class Actions § 7.8 (4th ed.).

ESBI and ILD also argue that discovery on the class allegations is improper pending a ruling on a dispositive motion that would moot the class certification issue. That argument ignores Fed.R.Civ.P. 23(c)(1)(A), which directs district courts to determine class certification "[a]t an early practicable time." The federal rules contemplate that class certification will

3

typically be determined before the court addresses the merits of the claims, subject to the court's discretion to employ a different sequencing.[4]

Finally, the defendants argue that *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), and *Welch v. Eli Lilly & Co.*, 2008 WL 1776413 (S.D. Ind. 2008), require Lady Di's to make a *prima facie* showing that the prerequisites of Rule 23 are satisfied before it is entitled to classwide discovery, and that it has not done so. These cases hold, however, that a plaintiff "bears the burden of advancing a *prima facie* showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied *or* that discovery is likely to produce substantiation of the class allegations." *Mantolete*, 767 F.2d at 1424; *Welch*, 2008 WL 1776413 at *2.

In *Welch*, a race discrimination action, the plaintiffs requested everything relevant to "class certification," but also to "the pattern or practice claim," "individual claims of identified class members and comparable employees," and "the disparate impact claim" for a lengthy period. *Welch*, 2008 WL 1776413, at *1. In other words, the *Welch* plaintiffs expressly requested information about the merits of their class claims and thus were not seeking only discovery "likely to produce substantiation of the class allegations." Lady Di's requests are not *expressly* directed to merits issues and will not be disallowed in their entirety. In principle, Lady Di's is entitled to take discovery to substantiate its class allegations, but the court agrees with the defendants that the requests, as drafted, are vastly overbroad and unduly burdensome. They go far beyond what is reasonably necessary to substantiate Lady Di's class allegations.

---

[4] The court acknowledges that this sequencing issue has been briefed by the parties. Nothing in this analysis is intended to suggest the resolution of that issue; the court merely notes the guidance of Rule 23 as it bears on the discovery issue presented here.

**Conclusion**

For these reasons, the court GRANTS IN PART Lady Di's motion to compel insofar as it seeks an order requiring the defendants to provide some discovery on a "classwide" basis directed to the Rule 23 requirements. The court DENIES IN PART the motion to the extent it would require complete responses to Lady Di's discovery requests as served. **This matter is set for hearing on March 15, 2010, at 2:30 p.m. in Room 272,** U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, before Magistrate Judge Debra McVicker Lynch. At the hearing, the court will receive argument and evidence on the proper scope of Lady Di's discovery requests consistent with this order. To the extent the defendants maintain that provision of the information sought is unduly burdensome from practical and/or technical standpoints, they should bring witnesses to the hearing capable of addressing the particulars of those contentions.

So ORDERED.

Date: 02/25/2010

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert M. Baker IV
LEWIS WAGNER LLP
rbaker@lewiswagner.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

Gregory F. Harley
BURR & FORMAN LLP
gharley@burr.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Daniel Ryan Roy
BAKER & DANIELS LLP
drroy@bakerd.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com