UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LADY DI'S, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ENHANCED SERVICES BILLING, INC., and ILD TELECOMMUNICATIONS, INC., d/b/a ILD TELESERVICES, INC., <br><br> Defendants. | 1:09-cv-0340-SEB-DML |

**ORDER**

This cause is before the Court on Defendant ILD Telecommunications, Inc's ("ILD") Partial Motion to Dismiss [Docket No. 16], filed on March 26, 2009; Plaintiff Lady Di's, Inc.'s ("Lady Di's") Motion to Strike [Docket No. 50], filed on June 8, 2009; and ILD's Motion to Dismiss [Docket No. 61], filed on August 13, 2009.  For the reasons detailed in this entry, Defendant's Partial Motion to Dismiss is GRANTED; Plaintiff's Motion to Strike is DENIED; and Defendant's Motion to Dismiss is DENIED.

*Factual Background*

Because the motions before the Court relate solely to the conduct of ILD, and not to the other named defendant, the facts set forth here are limited to those allegations relating to ILD.  Lady's Di's, an Indiana corporation, claims that ILD facilitated the

placement of an unauthorized $49.95 charge from a third-party vendor on Lady Di's AT&T phone bill in October 2008.

ILD is a Delaware corporation with its principal place of business in Ponte Vedra Beach, Florida. According to the Complaint, ILD "is a billing aggregator that bills persons and entities directly, or through local telephone companies, for services that are purportedly provided by other vendors." Compl. ¶ 9. The Complaint explains that "[t]hird party vendors use billing aggregators and billing agents, such as Defendants in order to: (i) prepare charges to be placed on bills issued by local telephone companies, such as AT&T; (ii) place charges on bills issued by local telephone companies, such as AT&T; and (iii) collect payments for such charges that are recovered by local telephone companies, such as AT&T." Id. at ¶ 26.

According to the Complaint, Lady Di's "October 28, 2008 AT&T telephone bill included a $49.95 charge from Defendant ILD entitled 'Advanced Bus. Svcs, LLC' purportedly for 'EFAX SVC MONTHLY.'" Id. at ¶ 28. Lady Di's claims that it "paid the unauthorized charges in the mistaken belief that all charges appearing on [its] local phone bill were authorized." Id. at ¶ 34. Upon subsequent review of that phone bill, however, Lady Di's "discover[ed] the unauthorized charges" and "contacted AT&T's customer service department to complain and seek a refund." Id. at ¶ 31.

Lady Di's asserts that this conduct, allegedly facilitated by ILD, constituted "cramming," which is defined in the Complaint with reference to the definition provided by the Federal Communications Commission as "placing unauthorized charges on

2

consumers' telephone bills." Compl. ¶ 1. Based on these factual allegations, Lady Di's has brought common law claims against ILD for constructive fraud and unjust enrichment, as well as a statutory claim for violations of the Indiana Deceptive Commercial Solicitation Act, Ind. Code § 24-5-19-1 et seq. Id. at ¶¶ 35-50.

## *Legal Analysis*

### I.     *Motion to Strike*

Before turning to the substantive arguments contained in the Motions to Dismiss, we address Lady Di's Motion to Strike. Lady Di's moves to strike portions of ILD's Reply in support of its partial motion to dismiss on the ground that the Reply inappropriately raises new arguments not contained in the original motion to dismiss.

We find that ILD's Reply Brief did not impermissibly go beyond the pleadings or the arguments set forth in Lady Di's Response Brief. The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." Murray v. TXU Corp., 2005 WL 1313412 (N.D. Tex. May 27, 2005) (citation omitted).

In its Reply Brief, ILD addressed the application of Indiana Code sections relating to Plaintiff's claims, which did not appear in ILD's original Brief in Support of the motion. Lady Di's had clearly relied upon those Indiana Code sections in its brief responding to ILD's motion. Thus, ILD did not impermissibly raise any new arguments.

Rather, it simply responded to the opposition's arguments, which was entirely proper. See, e.g. Eagle Corp. v. H2O Industrial Services, Inc., 2005 WL 1429279 (N.D. Ind. Jun. 8, 2005 ("[T]he arguments . . . that are raised for the first time in the defendant's reply are addressed only because the plaintiff raised the [same issue] in its response. It is logical that defendant addressed the plaintiff's arguments in its reply."). Accordingly, because ILD did not go beyond the arguments previously presented to the Court by Lady Di's, the Motion to Strike shall be denied.

## II.     *Motions to Dismiss*

*A.     Standard of Review*

ILD has filed two Motions to Dismiss, one directed toward Lady Di's claim of constructive fraud, and another challenging all of the claims contained in the Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). Id. A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. 544, 563 (2007) (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,

40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

*B.     Motion to Dismiss Fraud Claim*

In addition to the requirements established by Rule 12(b)(6), Federal Rule of Civil Procedure 9(b) dictates that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b). This heightened requirement serves to protect against the danger that a plaintiff will charge fraud irresponsibly. See Ackerman v. Nw. Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999).

Under Indiana law, to establish a claim for constructive fraud, a plaintiff must show the following elements: "(1) a duty existing by virtue of the relationship between the parties; (2) representations or omissions made in violation of that duty; (3) reliance thereon by the complaining party; (4) injury to the complaining party as a proximate cause thereof; and (5) the gaining of an advantage by the party to be charged at the expense of the complaining party." Lycan v. Walters, 904 F.Supp. 884, 888 (S.D. Ind. 1995); Biberstine v. New York Blower Co., 625 N.E.2d 1308, 1515-1316 (Ind. Ct. App. 1993). According to ILD, Lady Di's constructive fraud claims fail to allege facts

5

sufficient to support the first two elements of this standard: the existence of a relationship creating a duty between the two parties and reasonable reliance on the alleged misrepresentation.

1.      Existence of a Duty

Lady Di's stresses first that the Complaint sufficiently alleges a confidential relationship, pursuant to a particular category of constructive fraud claims recognized by Indiana courts:

> [C]onstructive fraud may arise where the relationship between the parties is that of buyer and seller when the seller makes unqualified statements in order to induce another to make a purchase, the buyer relies on those statements, and the seller has professed knowledge of the truth of the statements.

Yeager v. McNamara, 874 N.E.2d 629, 642 (Ind. Ct. App. 2007).  For a number of reasons, however, the allegations in the Complaint do not support a finding of a "duty" so as to state a claim for constructive fraud, even under this formulation.

First, Lady Di's fails to allege that it bought anything from ILD.  Indeed, Lady Di's acknowledges that ILD was not the seller, but instead a billing aggregator providing a service for a third party.  In each of the cases cited by Lady Di's to support its theory that a buyer-seller form of constructive fraud is available, the relationship created in connection with the alleged fraud was far more involved than the one in the case at bar. For example, Yeager involved the relationship between a developer (the defendant), and the plaintiffs, who contracted with that developer to build them a home.  Yeager, 874

N.E.2d at 634-35.  Indeed, as one of the cases cited by Lady Di's emphasizes, "[i]t is well established that a fiduciary or other 'special' relationship must exist in order to support a constructive fraud action."  Epperly v. Johnson, 734 N.E.2d 1066 (Ind. Ct. App. 2000).  Lady Di's simply has failed to allege any such special relationship.  On this ground alone, the Complaint fails to sufficiently state a constructive fraud claim.

Furthermore, the Complaint fails to allege the existence of an "unqualified statement."  No Indiana court has yet held that charges on a phone bill (or any similar document) constitute statements for constructive fraud purposes.  The type of statement required to plead a constructive fraud claim must be one like that in Scott v. Bodor, Inc., 571 N.E.2d 313 (Ind. Ct. App. 1991), a case relied upon by Lady Di's, in which the "defendants made affirmative, unqualified statements" concerning tax planning matters of which they had professed special knowledge.  Scott, 571 N.E.2d at 324.  By contrast, the Complaint in the case at bar does not allege that ILD actually made any statements, let alone any affirmative, unqualified statements professing expertise, or professing knowledge of the truth of the statement.

For these reasons, Lady Di's Complaint fails to establish the existence of any duty on the part of ILD towards Lady Di's, as required for a claim of constructive fraud.

2. Reasonable Reliance

Lady Di's must also allege and be able to establish that its alleged reliance upon ILD's conduct was reasonable.  Biberstine, 625 N.E.2d at 1316.  In enforcing this

requirement, Indiana courts reject fraud claims that could have been prevented by reading a document.  E.g. Weber v. Costin, 654 N.E.2d 1130 (Ind. Ct. App. 1995).  As Lady Di's admits in its Complaint, once it read the phone bill in question, it realized that the allegedly "crammed" charge was unauthorized, at which point it contacted AT&T seeking redress.

Despite this admission, Lady Di's contends that its reliance was still reasonable, in light of the purpose of the Indiana law prohibiting "cramming."  See Brown v. SBC Comm., Inc., 2007 WL 684133, at *5 (S.D. Ill. Mar. 1, 2007) (finding that allegation that "after the alleged misrepresentations were made, the wrongful charges were paid" was sufficient to allege proximate cause).  However, in advancing this argument, Lady Di's conflates ILD's failure to comply with the Indiana statutory provision and its conduct under the common law of fraud.  Even if the statutory definition of wrongdoing provides the factual element of reliance in Lady Di's common law claim, as may often be the case, see infra § III, Lady Di's cannot escape a fundamental proposition of Indiana law defining fraud: a party cannot rely on a statement if (s)he has not exercised ordinary care in guarding against the potential for fraud.  Plymale v. Upright, 419 N.E.2d 756 (Ind. Ct. App. 1981).

Accordingly, because the allegations contained in the Complaint make it clear that Lady Di's reliance was not reasonable, Lady Di's also has failed to plead adequately the reliance element of constructive fraud.  Therefore, the Complaint lacks sufficient allegations to support a claim of constructive fraud under Indiana law, and ILD's Partial

Motion to Dismiss shall be <u>granted</u>.

### III.    Second Motion to Dismiss

ILD's second motion seeks the dismissal of all claims asserted against it in the Complaint.  The Complaint brings three claims against ILD under Indiana law: (1) a common law claim for constructive fraud, which is subject to dismissal for the reasons discussed previously; (2) a common law claim for unjust enrichment; and (3) a statutory claim for violations of the Indiana Deceptive Commercial Solicitation Act ("IDCSA"), Ind. Code § 24-5-19-1 <u>et seq</u>.  Despite the clear pleading of these claims, ILD contends that a review of the Complaint shows that all of the claims are actually premised on an alleged violation of Ind. Code § 8-1-29-5(2) and 170 Ind. Admin. Code § 7-1.1-19(a)(4), (p).

Ind. Code § 8-1-29-5(2) provides that a "customer of a telecommunications provider may not be . . . billed for services by a telecommunications provider that without the customer's authorization added the services to the customer's service order."  The statute directs the Indiana Utility Regulatory Commission to implement enforcement rules pursuant to that provision.  Ind. Code § 8-1-2 9-7.  Moreover, 170 Ind. Admin. Code § 7-1.1-19(p) requires Local Exchange Carriers to possess detailed records evidencing a customer's authorization before causing a charge to be placed on the customer's phone bill.

According to ILD, because the Complaint and Lady Di's briefing refer repeatedly

to the type of wrongdoing outlined in these statutory provisions, all of Lady Di's claims should be read as falling under that statutory scheme. If the claims are, in fact, drawn solely from these statutory provisions, then, according to ILD, those claims must be dismissed because there is no private right of action for a claim under that statute. See Roberts v. Sankey, 813 N.E.2d 1195, 1198 (Ind. Ct. App. 2004); Stulajter v. Harrah's Indiana Corp., 808 N.E.2d 746 (Ind. Ct. App. 2004).

Contrary to ILD's reading of the Complaint, however, Lady Di's claims are not drawn entirely from the above statutory scheme. Courts frequently recognize claims, whether common law or statutory, that include the violation of a statute or regulation as a factual element or source of evidence for those overarching claims. For example, in McKibben Construction, Inc. v. Longshore, 788 N.E.2d 452 (Ind. Ct. App. 2003), trans. denied, 804 N.E.2d 754 (Ind. 2003), the Indiana Court of Appeals found that the plaintiff could rely upon an ordinance prescribing septic system requirements to establish the misrepresentation elements of his claims, even if the ordinance did not itself give rise to a private right of action. McKibben, 788 N.E.2d at 458.

The Indiana Supreme Court has also spoken to this issue, distinguishing between regulatory and statutory violations giving rise to a cause of action from those that merely form a factual element of a claim. In Austin Lakes Joint Venture v. Avon Utilities, Inc., 648 N.E.2d 641, 649 (Ind. 1995), a developer asserted claims against a sewer utility for breach of contract, fraud, promissory estoppel, and specific performance of a contract. The plaintiff's claims were based, in part, on the utility's failure to comply with the

Indiana Department of Environmental Management regulations. Austin Lakes, 648 N.E.2d at 644. In ruling on the defendant's motion to dismiss, the Court acknowledged that "regulatory determinations [were] arguably necessary to resolve the case," Id. at 645, and that "many of the cases hold that the doctrine of primary jurisdiction should not be invoked when the issue is whether an agency standard has been violated," Id. at 648, and ultimately held that the allegation related to the defendant's failure to comply with the regulations "was simply a fact or evidence in support of [the plaintiff's] claims of breach of contract and fraud." Id. at 649. Although the fraud claim in the case at bar has been dismissed, see supra § II, Lady Di's reliance upon the Indiana Code provisions at issue extends to its statutory claim and its claim for unjust enrichment, both of which permissibly utilize the regulations to plead factual elements of the claims.

Accordingly, we find that the Complaint relies upon Ind. Code § 8-1-29-5(2) and 170 Ind. Admin. Code § 7-1.1-19(a)(4), (p) only to the extent that those regulations assist in defining the factual elements of Lady Di's claims. ILD's contention that the claims contained in the Complaint are premised solely upon, and seeking relief under, those provisions is unavailing.[1] See Hancock v. Chicago Title Ins. Co., 635 F.Supp.2d 539

---

[1] ILD contends, in the alternative, that "allowing a private right of action would interfere with the Utility Regulatory Commission's authority." Reply [Docket No. 80] at 8. In support, ILD cites Decatur County REMC v. Public Service Co., 275 N.E.2d 857, 861 (Ind. Ct. App. 1971), which held that "[b]efore a court may take subject matter jurisdiction over a class of cases for which a statutory remedy exists, it must be shown that the statutory provisions are inadequate in protecting and preserving substantive rights." Because we find that Lady Di's Complaint is not, in fact, asserting a private right of action arising out of Ind. Code § 8-1-29-5(2) and 170 Ind. Admin. Code § 7-1.1-19(a)(4), (p), we need not address this alternative argument.

(N.D. Tex. 2009).  Therefore, ILD's second Motion to Dismiss shall be <u>denied</u>.

### IV.  Conclusion

For the reasons detailed in this entry, Defendant's Partial Motion to Dismiss is <u>GRANTED</u>; Plaintiff's Motion to Strike is <u>DENIED</u>; and Defendant's Motion to Dismiss is <u>DENIED</u>.

IT IS SO ORDERED.

Date: 03/25/2010

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Robert M. Baker IV
LEWIS WAGNER LLP
rbaker@lewiswagner.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

Gregory F. Harley
BURR & FORMAN LLP
gharley@burr.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Daniel Ryan Roy
BAKER & DANIELS - Indianapolis
drroy@bakerd.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com